IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEXANDRE CAVENA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-2801-K |
| | § | |
| TRACY RENAUD, Senior Official Performing the Duties of Director, United States Citizenship and Immigration Services; and MERRICK GARLAND, United States Attorney General, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment ("Motion") (Doc. No. 18) filed by Defendants Tracy Renaud, Senior Official Performing the Duties of Director at USCIS, and Merrick Garland, Attorney General of the United States. Plaintiff did not file a response or cross-motion for summary judgment. The Court carefully considered the Motion, the applicable law, and the relevant portions of the record. Because Merrick Garland, Attorney General of the United States is not a proper party to this action and the Court lacks subject matter jurisdiction to review Plaintiff's claims, the Court **GRANTS** the Motion.

I. Background

Plaintiff Alexandre Cavena ("Plaintiff") filed this action under the Administrative Procedures Act ("APA") seeking judicial review of the denial of his I-485 Application to Register Permanent Residence or Adjust Status ("Residency Application") under 8 U.S.C. § 1182(a)(3)(B). Am. Compl. (Doc. No. 6) at 1. Plaintiff alleges in his Amended Complaint that Defendants Tracy Renaud, Senior Official Performing the Duties of Director at USCIS ("Defendant USCIS"), and Merrick Garland, Attorney General of the United States ("Defendant Attorney General"), (collectively "Defendants") violated the APA in "den[ying] Plaintiff's Residency Application arbitrarily and in a manner not in accord with reason, justice, and the evidence of the administrative record." *Id.* at 5, ¶17.

Plaintiff, a citizen of Angola, was admitted to the United States in refugee status on July 7, 2004, and filed his Residency Application on July 17, 2010. *Id.* at 3, ¶¶9, 10. On October 28, 2020, the United States Citizenship and Immigration Services ("USCIS") denied his Residency Application "for having engaged in terrorist activities" in "providing material support to a Tier III Terrorist organization", National Union for the Total Independence Angola ("UNITA"), from 1989-1993. Am. Compl. Ex. 1 (Doc. No. 6-1) at 5. Plaintiff alleges that he "had abandoned UNITA" long before that group began the "activities (child solider recruitment and torture)" that qualify it as a Tier III

terrorist organization under 8 U.S.C. § 1182(a)(3)(B). Am. Compl. at 4, ¶¶12, 14. Plaintiff alleges the Administrative Record does not support USCIS's decision. *Id.* at 4-5, ¶14. Plaintiff also alleges he will suffer irreparable injury from his Residency Application being denied because his wife is a U.S. citizen as are his two children and they "depend on him for economic and emotional support." *Id.* at 5, ¶15.

## II. Applicable Law

When the action of an agency is challenged under the Administrative Procedure Act ("APA"), "summary judgment is the proper mechanism for deciding, as a matter of law, whether an agency's action is supported by the administrative record and consistent with the APA standard of review." *Delta Talent, LLC v. Wolf*, 448 F.Supp.3d 644, 650 (W.D. Tex. 2020) (quoting *Am. Stewards of Liberty v. U.S. Dep't of Interior*, 370 F.Supp.3d 711, 723 (W.D. Tex. 2019)). "Thus, in evaluating a case on summary judgment, the court applies the standard of review from the APA." *Am. Stewards*, 370 F.Supp.3d at 723.

### A. Summary Judgment

"Summary judgment is required when 'the movant shows that there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED.R.CIV.P. 56(a)). A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury

could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the movant satisfies his burden, the nonmovant must then present competent summary judgment evidence showing a genuine fact issue for trial exists and may not rest on the pleadings. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). If the nonmovant fails to meet this burden, summary judgment must be granted. *Celotex*, 477 U.S. at 322. All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co.*, Inc., 402 F.3d 536, 540 (5th Cir. 2005).

When the nonmovant does not respond to the motion for summary judgment, the court accepts the movant's asserted facts as undisputed. *Assoc. of Taxicab Operators, USA v. Yellow Checker Cab Co. of Dallas/Fort Worth, Inc.*, 910 F.Supp.2d 971, 975 (N.D. Tex. 2012)(Godbey, J.). In failing to respond to the motion, the nonmovant "is relegated to his unsworn pleadings, which do not constitute summary judgment evidence." *Id.* (quoting *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D. Tex.

1996)(Fitzwater, J.)). "If a party fails to respond to a motion for summary judgment, the inquiry must be whether the facts presented by the moving party create an appropriate basis to enter summary judgment against the nonmoving party." *Id.* (cleaned up).

### B. Administrative Procedure Act

A court may review an agency action under the APA only where such action is made reviewable by statute or is a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Moreover, an agency action is not subject to judicial review when the relevant statute precludes such review or when the action "is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)-(2).

## III. Analysis

In their Motion, Defendants argue that Defendant Attorney General must be dismissed from this action as he is not a proper party and also that the Court has no subject matter jurisdiction over Plaintiff's claims so those must be dismissed. Plaintiff did not file a response to Defendants' Motion.

### A. Defendant Attorney General is Not a Proper Party

Citing 5 U.S.C. § 703, Defendants argue that the only proper defendant in an APA case is the United States, the government agency that took the action for which review is sought, or the appropriate officer of the agency. Mot. at 19. Furthermore,

the Secretary of Homeland Security and his delegate in USCIS have authority over all refugee applications and all other adjudications that Immigration and Naturalization Service (which was part of the Department of Justice under the Attorney General) had previously performed. *Id.* at 20; *see* 6 U.S.C. § 271(b)(3),(5) & § 557. Defendants contend that Defendant Attorney General was not involved in the complained-of agency action, the denial of Plaintiff's Residency Application. *Id.* As Plaintiff did not file a response to the Motion, the Court accepts Defendants' asserted facts as undisputed. *See Assoc. of Taxicab Operators*, 910 F.Supp.2d at 975. Defendant Attorney General is not a proper party to this APA action pursuant to § 703. The Court **grants** Defendants' Motion as to claims asserted against Defendant Attorney General.

### B. The Court is Without Subject Matter Jurisdiction

The Court also finds that it lacks subject matter jurisdiction over Plaintiff's claims. "As a matter of jurisdiction, courts may not review the administrative decision of the [USCIS] unless the appellant has first exhausted 'all administrative remedies.'" *Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000) (quoting 8 U.S.C. § 1252(d)) ("A court may review a final order of removal only if (1) the alien has exhausted all administrative remedies available to the alien as of right, . . ."). Plaintiff alleges that he "has exhausted his administrative remedies" and "[t]here is no other administrative

remedy available for review of the denial of the Residency Application." Am. Compl. at 3, ¶7; 5, ¶16. This is not accurate, however, under the applicable law.

No direct appeal lies from the denial of an applicant's request for adjustment of status. 8 C.F.R. § 245.2(a)(5)(ii); *see Cardoso*, 216 F.3d at 518. But the applicant "retains the right to renew his . . . application" in removal proceedings. *Id.* Pursuant to this regulatory language, the Fifth Circuit held that a plaintiff may not seek judicial review of the denial of an application to adjust status outside of the removal process. *Cardoso*, 216 F.3d at 518 (citing § 245.2(a)(5)(ii)); *see Velasquez v. Nielsen*, 754 F. App'x 256, 260-61 (5th Cir. 2018) (pursuant to holding in *Cardoso*, court had no jurisdiction to hear claim challenging denial of request for adjustment of status because applicant "must instead wait to do so if and when removal proceedings commenced."). Until the applicant renews his request for status adjustment in a removal proceeding, the applicant "has not yet exhausted [his] administrative remedies and this Court may not exercise jurisdiction." *Cardoso*, 216 F.3d at 518.

There is no evidence in the record that USCIS conducted, or even initiated, removal proceedings against Plaintiff. In fact, Plaintiff alleges in his Amended Complaint that "to date the USCIS has not commenced removal proceedings against [Plaintiff]." Am. Compl. at 5, ¶16. Therefore, under applicable law, Plaintiff "has not yet exhausted his administrative remedies" because he may renew his request "upon

the commencement of removal proceedings." *Cardoso*, 216 F.3d at 518; *accord Maringo v. Mukasey*, 281 F. App'x 365, 367-68 (5th Cir. 2008); *Judhani v. Holder*, Civ. Action No. 3:10-CV-1256-B, 2011 WL 1252661, at *2 (N.D. Tex. Mar. 9, 2011), *adopting report and recommendation*, 2011 WL 1252605 (Mar. 31, 2011)(Boyle, J.) (applying *Cardoso*, court lacked jurisdiction under APA to review USCIS denial of request for adjustment of status because it was not final agency action "and another adequate remedy is available to them through the removal proceedings."); *see also* Am. Compl. at 5, ¶16 ("If the USCIS initiates removal proceedings against Plaintiff, the Plaintiff can renew his application for adjustment of status before the immigration judge."). Accordingly, the Court may not exercise jurisdiction over this action.

Even if this decision were a "final agency action for which there is no other adequate remedy in a court,", the Court finds that it lacks subject jurisdiction over USCIS' decision for another reason. § 704. The Administrative Record shows that Plaintiff's Residency Application to adjust status was denied because USCIS found he was inadmissible for having engaged in terrorist activity. Administrative R. ("A.R.") (Doc. No. 16) at 63. USCIS further determined that no "discretionary exemption authority" applied to Plaintiff's terrorist activities that would make him eligible to adjust status. *Id.* Section 1182(d)(3)(B)(i) specifically provides that exemptions from the Terrorism-Related Inadmissibility Grounds are decided in "the Secretary's sole

unreviewable discretion" and "no court shall have jurisdiction to review such a determination or revocation" except in a limited context of a final order of removal, which does not apply here.  8 U.S.C. § 1182(d)(3)(B)(i); *see* § 1252(a)(2)(D) (judicial review of final orders of removal limited to constitutional claims and questions of law).

The APA permits judicial review of a "final agency action for which there is no other adequate remedy in a court," § 704, "except to the extent that—(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law," § 701(a).  *Bennett v. Spear*, 520 U.S. 154, 175 (1997); *Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010).  The clear statutory language has both barred judicial review and placed determinations regarding the applicability of an exemption from the Terrorism-Related Inadmissibility Grounds within the discretion of USCIS.  § 1182(d)(3)(B)(i).  The Court concludes it is without subject matter jurisdiction to evaluate Plaintiff's claims under the APA challenging USCIS's decision denying the adjustment of his status because he is inadmissible for having engaged in terrorist activities and no exemption applies to him.

Because the Court lacks subject matter jurisdiction over Plaintiff's claims for those reasons, the Court **grants** Defendants' Motion.

### C. Conclusion

The Court concludes that Defendants have presented sufficient facts providing an appropriate basis for the Court to **grant** the Motion for Summary Judgment. *See Assoc. of Taxicab Operators*, 910 F.Supp.2d at 975. Because the Court grants the Motion for lack of subject matter jurisdiction, the Court will not address Defendants' arguments regarding Plaintiff's failure to show the denial of his Residency Application was arbitrary and capricious.

### III. Conclusion

The Court **GRANTS** the Motion for Summary Judgment filed by Defendants Tracy Renaud, Senior Official Performing the Duties of Director at USCIS, and Merrick Garland, Attorney General of the United States. Plaintiff's claims against Defendant Merrick Garland, Attorney General of the United States, are **dismissed with prejudice** as he is not a proper party to this action. Plaintiff's claims against USCIS are **dismissed without prejudice** as the Court lacks subject matter jurisdiction to review these claims. All other relief not expressly granted herein is denied.

**SO ORDERED.**

Signed June 30th, 2021.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE